### CHARLES H. DOW *vs.* ERASTUS W. SANBORN.

Purchasing goods with an intention not to pay for them is a fraud which will render the sale void and entitle the vendor to reclaim the goods from the vendee or any subsequent purchaser with notice or without consideration, although there were no fraudulent misrepresentations or false pretences.

A judgment in replevin rendered by consent upon a default is no bar to an action previously instituted against the defendant for the same goods, by one who is not notified and has no knowledge of the suit in replevin.

TORT against a deputy sheriff, to recover the value of a large number of chests of tea and boxes of tobacco, attached by him on a writ against Charles A. Flagg.

At the trial in the superior court, the plaintiff introduced evidence tending to show that he bought the goods of one Blake, and took possession of them; and that Blake bought them of Flagg at different times, and in different lots. The defendant introduced evidence tending to show that Flagg, Blake and the plaintiff conspired together and formed a fraudulent plan, by which Flagg should buy these and other goods on credit, with the intention not to pay for them, and put them into the possession of Blake or the plaintiff, and that all the transactions between them were fraudulent. The plaintiff denied the existence of such conspiracy and fraud, and contended that, if Flagg bought any of the goods with the intention not to pay for them, this was not the case with all the purchases; and there was no proof of any misrepresentations or false pretences by Flagg in purchasing any of the goods. Subsequently to the commencement of this action, replevin suits were brought by various persons who had sold goods to Flagg, against the defendant, for a

portion of the goods attached by him, in which, without any no-
tice to the present plaintiff, the defendant was defaulted and sub-
mitted to judgments against him, without making any defence.
Among other instructions, not now material, *Vose*, J. instructed
the jury that " if Flagg originally bought the goods with an in-
tention not to pay for them, such a sale was fraudulent and void,
and no title in the goods passed to Flagg as against the vendors,
and the vendors had a right to reclaim and recover the goods
from the possession of Flagg, or from any person to whom he
had sold or conveyed them, with notice of the fraud or without
a valuable consideration ; and that if the plaintiff was entitled
to recover, he could recover only for the goods not replevied."

The jury returned a verdict for the defendant, and the plain-
tiff alleged exceptions.

*A. A. Ranney*, for the plaintiff, cited *Backentoss* v. *Speicher*,
31 Penn. State R. 324 ; *Smith* v. *Smith*, 21 Penn. State R. 367 ;
*Nichols* v. *Pinner*, 18 N. Y. 295 ; *Cross* v. *Peters*, 1 Greenl. 376.

*H. F. Durant & J. W. Rollins*, for the defendant.

HOAR, J.　We can entertain no doubt that when goods are
purchased with a preconceived intention not to pay for them,
this is a fraud upon the vendor which will entitle him to repu-
diate the sale.　Such is the doctrine of the English authorities ;
and although it has been questioned in some recent cases in
Pennsylvania and New York, it rests upon sound principles of
morality and law.　In such a case, the fraudulent party pretends
to be a purchaser when he is not, but is in fact attempting to
obtain possession of the property of another dishonestly, with a
view to deprive him of it without consideration.　As far as the
buyer is concerned, the whole sale is a mere fiction, a delusion
imposed upon the seller, to induce him to part with the posses-
sion.　If it be said that a mere intention does not constitute a
fraud, the answer is that the purchase with such a fraudulent
intention is a fraudulent act.　In its moral quality, it is hard to
distinguish it from a larceny.　There are other cases in which
an intention to defraud entitles the party against whom the
fraud is meditated to treat a sale as a nullity, such as sales
made with intent to defraud creditors.　And, however the law

might be held elsewhere, in Massachusetts a purchase of goods with an intent not to pay for them is expressly recognized by statute as a fraud, which will deprive the debtor of the benefit of the act for the relief of poor debtors, and may subject him to sentence of imprisonment. Gen. Sts. c. 124, §§ 5, 34. Rev Sts. c. 98, §§ 31, 36.

The instruction, therefore, which was given to the jury at the trial, that, in the absence of any fraudulent representations or false pretences, a mere intention at the time of purchase not to pay for goods bought would alone be such a fraud as would render the sale void, and entitle the vendor to reclaim the goods, after actual delivery, either from the vendee, or from any subsequent purchaser with notice of the intention or without consideration, was right, and the exception taken to it cannot be supported.

But another ruling to which exception was taken was erroneous, and will entitle the plaintiff to a new trial. The court ruled " that if the plaintiff was entitled to recover, he could recover only for the goods not replevied." The plaintiff sues to recover damages for the unlawful taking of his property. The defendant says that a part of the property taken had been procured from its former owners by fraud, to which the plaintiff was a party, and that the owners had reclaimed it from the defendant in actions of replevin. These actions of replevin were not contested by the defendant, and he agreed to a judgment against him in each of them, without any notice to, or consent by, the plaintiff in this suit. Manifestly, then, the plaintiff is not bound by those judgments. He was neither party nor privy to them. He never had an opportunity to contest the claims upon which they were founded. The position of the defendant is simply this : he has taken property from the possession of the plaintiff; the property has been demanded by other persons, and he has yielded to their claims, and consented that judgment should be rendered in their favor, and now asks that the plaintiff should be estopped by that judgment. No plausible argument has ɹeen suggested in its favor, and it is wholly indefensible.

But the counsel for the defendant urge that if the instruction

was erroneous, the verdict shows that it was immaterial; be-cause the jury have found that the sale by Flagg to Blake was fraudulent as against the creditors of Flagg, and that the plaintiff purchased the goods with knowledge of the fraud; and as the plaintiff took the whole under a single title, by a single purchase, the decision as to a part applies with equal force to the rest. This would be so, if Flagg had sold the whole of the goods to Blake by a single bargain. But he sold them in different lots, at different times. To maintain the defence as to the whole, the defendant was bound to prove each of these sales fraudulent. If either of them was not fraudulent, then Blake took a good title to the goods included in that transaction, and could convey the same title to the plaintiff. But as to the goods replevied, the jury, under the instructions of the court, had no occasion to inquire whether they were fraudulently conveyed by Flagg to Blake, or not; because they were told that the judgments in replevin were conclusive against the right of the plaintiff to recover for those goods. And although the plaintiff took them all by one purchase from Blake, yet as Blake had acquired them in several and distinct parcels, the jury should have passed upon the fraud or good faith of each of the separate sales.

It is very probable that the evidence which satisfied the jury of the fraudulent character of some of the sales would have been equally effectual to lead them to the same conclusion as to the rest. But this we cannot judicially know, as the effect of the ruling of the court was to withdraw from their consideration, on the question of fraud, all the replevied goods.

*Exceptions sustained.*